NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0503n.06
No. 22-3095

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Dec 07, 2022
DEBORAH S. HUNT, Clerk

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| CLAY A. SWANSON, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: SILER, BUSH, and READLER, Circuit Judges.

SILER, Circuit Judge. Defendant Clay A. Swanson pleaded guilty to conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846. He asks this court to invalidate his waiver of appeal and consider whether his sentence was reasonable because the district court failed to use the word "mandatory" during his guilty plea colloquy when reciting that he was subject to a statutory minimum sentence. Because Swanson failed to object to this during the plea hearing, we review for plain error. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). The district court did not err in failing to say the word "mandatory" during the plea colloquy—the court's use of the word "minimum" communicated that Swanson was subject to no less than five years in prison. Because there is no error, let alone plain error, his argument fails. We **AFFIRM**.

## I. Facts

In 2021, police officers in Dayton, Ohio, executed a search warrant of a house where suspected drug transactions previously occurred. Upon searching the house, they found a money

counter, blender with drug residue, ammunition, digital scales, numerous cell phones, and $4,241. They also found 3,233.80 grams of methamphetamine, 42.51 grams of fentanyl, and 3.5l grams of cocaine.

Swanson was indicted for conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846 and pleaded guilty to the charge. Under the plea agreement, he acknowledged that the "statutory penalties" for the offense included a "minimum of 5 years imprisonment up to 40 years imprisonment." He also agreed to a prison sentence of up to 135 months and "waive[d] the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum."

At sentencing, the court applied a total offense level of 31 and a criminal history category of III. The total offense level reflected the inclusion of a two-point enhancement for maintaining a drug premises under USSG § 2D1.1(b)(12). During the sentencing hearing, Swanson stated that he had read the presentence report, which included the same Guidelines calculation, and had "no objection to the Guidelines calculation . . . [and] no other objections to the substantive report." He also stated that he fully understood the plea agreement, including a waiver of his right to appeal, except in the case of ineffective assistance of counsel or procedural misconduct. Swanson requested an 85-month sentence, but the court imposed a below-Guidelines sentence of 120 months of confinement.

The central issue before us is whether Swanson's guilty plea was made knowingly, intelligently, and voluntarily, given that the magistrate judge that accepted his plea did not use the word "mandatory" when explaining that Swanson was subject to a "minimum of 5 years imprisonment up to 40 years imprisonment." We hold that the magistrate judge's use of the word "minimum" communicated that Swanson was facing a mandatory five-year sentence. Therefore,

the district court did not err.  But, even if the magistrate's statement was erroneous, Swanson cannot show plain error.

## II.  Standard of Review

When, as here, an appellant alleges error under Federal Rule of Criminal Procedure 11, but failed to object below, we review for plain error.  *Webb*, 403 F.3d at 378.  To show plain error, a defendant must show not only that an error occurred, but that the error was clear and obvious, affected the defendant's substantial rights, and affected the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III.  Analysis

### 1.  *The district court did not err.*

Swanson argues that the district court erred by not fully explaining that he was facing a mandatory prison sentence.  Because the district court did not use the word "mandatory," Swanson argues that his guilty plea was not made knowingly, voluntarily, and intelligently.

However, he cannot show error.  First, the word "minimum" in the statement a "minimum of 5 years of imprisonment up to 40 years" communicates that Swanson was guaranteed to spend at least five years in prison.  Second, the statute under which Swanson was sentenced does not use the word "mandatory."  *See* 21 U.S.C. § 841(b)(1)(B).  We see no argument for holding that the sentencing judge was erroneous in quoting directly from the sentencing statute.  *See United States v. Ford*, 568 F. App'x 477, 480 (7th Cir. 2014) (affirming the district court when it omitted the word "mandatory" in its description of the minimum sentence but used language that came directly from the statute).  As such, for these two reasons alone, the district court did not err and should be affirmed.

2. *Swanson cannot establish plain error.*

Even if Swanson could establish that the district court's explanation of the minimum sentence was erroneous, he cannot prevail under plain error review because he failed to advance any argument as to the other prongs of the plain error test. "[T]he burden of establishing entitlement to plain error is on the [appellant] claiming it." *Dominguez Benitez*, 542 U.S. at 82 (citing *United States v. Vonn*, 535 U.S. 55, 73 (2002)). This is fatal to his appeal.

Independent of the fact that he abandoned his argument as to much of the plain error test, his appeal fails because he cannot show that any error was clear or obvious. As the government points out, this court has found Swanson's primary argument meritless. *See Williams v. United States*, 47 F. App'x 363, 365 (6th Cir. 2002) (affirming the district court when it indicated that the prison term was a "minimum of five years consecutive"). Swanson has not provided any argument, let alone precedent, that establishes clear or obvious error in situations similar to that presented in this case.

Even if we thought the district court's statement was clearly erroneous, Swanson's argument fails because he cannot "show a reasonable probability that, but for the error, he would not have entered the plea." *Cf. United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Hogg*, 723 F.3d 730, 747 (6th Cir. 2013) (holding that to satisfy this standard an appellant must provide some "indication that the defendant would have declined the Government's plea offer if accurately informed [under Rule 11]"). Swanson did not include any argument relative to this requirement, nor is such evidence in the record.

Because Swanson cannot prove that the district court's statement was plainly erroneous, his attempt to invalidate his waiver of appellate rights also fails. After review of the record, it is clear that Swanson's plea was given "knowingly, voluntarily, and intelligently," which ends our inquiry. *Webb*, 403 F.3d at 378.

**AFFIRMED**.